IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EMMANUEL BOTELLO AGUIRRE,

    Petitioner,

v.                                                                          1:26-cv-00095-KG-KK

BONDI, et al.,

    Respondents.

## **TEMPORARY RESTRAINING ORDER**

This matter is before the Court on Emmanuel Botello Aguirre's motion for a preliminary injunction under Federal Rule of Procedure 65(a). *See* Doc. 3. On January 21, 2026, the Court notified the Government by email of a hearing on the requested injunctive relief. The Court held the hearing on January 29, but the Government did not appear. As of the date of this Order, the Government has not filed a written response. For the reasons below, the Court issues a Temporary Restraining Order ("TRO") requiring the Government to immediately release Mr. Botello Aguirre.

*I.*   *Background*

Mr. Botello Aguirre is a 42-year-old Mexican citizen who entered the United States in 2008 without inspection. Doc. 3 at 3. He resides in Orange County, Florida and is authorized to work in the United States. *See id.* at 3–4, 9. He has no criminal history. *Id.* at 3–4. He is married to a U.S. citizen and has six children, all of whom are U.S. citizens, ranging in age from six to sixteen. *See id.*

In 2013, the Department of Homeland Security ("DHS") placed Mr. Botello Aguirre in removal proceedings before the Orlando, Florida Immigration Court. *Id.* at 4. Mr. Botello

Aguirre appeared at all his immigration proceedings and applied for Cancellation of Removal and Adjustment of Status under 8 U.S.C. § 1229b (b).  *Id.* at 4, 9.  In 2014, an Immigration Judge ("IJ") administratively closed his removal proceedings pending adjudication of his application for cancellation of removal.  *See id.*

On August 13, 2025, ICE agents allegedly conducted an "unlawful traffic stop" of Mr. Botello Aguirre's vehicle in Orange County, Florida.  *Id.*  The presiding IJ declined to consider his bond motion, stating that it lacked jurisdiction to adjudication his bond request under 8 U.S.C. § (b)(2)(A).  *Id.*  Mr. Botello Aguirre is currently detained at the Torrance County Immigration Detention Center.  *Id.* at 1.

Mr. Botello Aguirre contends that his continued detention violates the Immigration and Nationality Act ("INA") and the Fifth Amendment's Due Process Clause.  *See id.* at 7–8.  He therefore seeks a writ of habeas corpus requiring the Government to release him unless it provides a bond hearing.  *See id.* at 10.  In addition, he moves for a preliminary injunction under Rule 65, ordering his release on the grounds that he is likely to succeed on the merits, is suffering irreparable harm from prolonged detention, and that the balance of equities and the public interest weigh in his favor.  *See id.* at 8–9.

## II.    *Standard of Review*

Rule 65 authorizes the court to issue preliminary injunctions and TROs.  Fed. R. Civ. P. 65(a), (b).  As opposed to a preliminary injunction, a TRO is sought and heard on an emergency basis.  *See Granny Goose Foods v. Teamsters*, 415 U.S. 423, 438–39 (1974).  The Court may issue a TRO "before reasonable notice and an opportunity to be heard has been granted" to "both sides of a dispute."  *Id.*  The Court considers "such ex parte relief reserved for circumstances where the applicant would face immediate and irreparable harm if the court waited for

the preliminary injunction proceeding." *Geiger v. Espy*, 885 F. Supp. 231, 232 (D. Kan.) (citing *Granny Goose Foods*, 415 U.S. at 438–39).

A TRO "preserve[s] the status quo [ante]" before a final decision on the merits. *Resolution Trust v. Cruce*, 972 F.2d 1195, 1198 (10th Cir. 1992). The status quo is "the last peaceable uncontested status…before the dispute developed." *Free the Nipple-Fort Collins v. City of Fort Collins*, 916 F.3d 792, 798 n.3 (10th Cir. 2019). A petitioner seeking a TRO "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief," and that the balance of equities and public interest favor relief. *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008). "[A]ll four of the equitable factors weigh in" the petitioner's favor, *Sierra Club. v. Bostick,* 539 Fed. App'x 885, 888 (10th Cir. 2013), but "[t]he likelihood-of-success and irreparable-harm factors are the most critical." *People's Trust Fed. Credit Union v. Nat'l Credit Union*, 350 F. Supp. 3d 1129, 1139 (D.N.M. 2018). "[R]egardless of whether or not notice is provided," a TRO "should not exceed the maximum time allowed by" Rule 65, which is 28 days, "absent consent of the opposing party." *Isler v. New Mexico Activities*, 2010 WL 11623621, at *3 (D.N.M.).

### III. Analysis

For the reasons below, the Court concludes that (A) Mr. Botello Aguirre is likely to succeed on the merits of his habeas petition, (B) he will suffer irreparable harm without injunctive relief, and (C) the balance of equities and the public interest favor relief.

#### A. *Mr. Botello Aguirre is likely to succeed on the merits of his petition.*

Mr. Botello Aguirre has established a likelihood of success on the merits of his (1) statutory claim and (2) Fifth Amendment due process claim.

*1.     Mr. Botello Aguirre is likely to succeed on his statutory claim.*

Mr. Botello Aguirre is likely to succeed on his claim that his detention is governed by § 1226(a), not the mandatory detention provision of § 1225(b)(2)(A).  The INA establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States or has already entered the country.  *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018).  Section 1225(b)(2)(A) applies to "applicant[s] for admission" who are "seeking admission" and are "not clearly and beyond a doubt entitled to be admitted."  In that circumstance, the statute provides that the noncitizen "shall be detained" during removal proceedings.  § 1225(b)(2)(A).  "This provision mandates detention and affords no bond hearing."  *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *1 (D.N.M.) (Gonzales, J.).

By contrast, § 1226(a) authorizes the arrest and detention, "on a warrant issued by the Attorney General," of noncitizens "pending a decision on whether [they are] to be removed." § 1226(a).  "Under federal regulations, noncitizens detained under this second detention regime are entitled to individualized bond hearings at the outset of detention."  *Pu Sacvin*, 2025 WL 3187432, at *1.  "Noncitizens who entered the country years earlier are not considered to be 'seeking admission,' and therefore fall under" § 1226(a), "rather than § 1225(b)(2)(A)."  *Id.* at *3; *see also Barco Mercado v. Francis*, 2025 WL 3295903, at *13 (S.D.N.Y. Nov. 26, 2025) (collecting over 300 district-court decisions nationwide).

Because Mr. Botello Aguirre had already affected an entry and was not seeking admission at the time of his arrest, § 1226(a) governs his detention.  Mr. Botello Aguirre entered the United States in 2008 and was arrested inside the United States in Orange County, Florida.  Doc. 3 at 3–4.  He has affected an entry into the United States by living here for nearly two decades.  He has therefore shown a strong likelihood of success on his statutory claim.

       *2.*      *Mr. Botello Aguirre is likely to succeed on his constitutional claim.*

Mr. Botello Aguirre has also met his burden of showing a likelihood of success on his due process claim. The Fifth Amendment's Due Process Clause prohibits the Government from depriving any person of "life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). "It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993); *see also Zadvydas*, 533 U.S. at 693. Given that § 1226(a) is controlling here, Mr. Botello Aguirre "is entitled—as a right—to an individualized bond hearing." *Cortez-Gonzalez v. Noem*, 2025 WL 3485771, at *5 (D.N.M.). His continued detention without such review "constitutes an ongoing violation of [his] right to due process." *Id.* Mr. Botello Aguirre therefore meets his burden in demonstrating that he is likely to succeed on his due process claim.

    **B.**    ***Mr. Botello Aguirre will face irreparable harm without injunctive relief.***

Mr. Botello Aguirre also met his burden of showing that his detention caused irreparable harm, as "infringement of a constitutional right" is per se irreparable harm. *Free the Nipple*, 916 F.3d at 805.

    **C.**    ***The equities and public interest favor relief.***

Any burden on the Government to release Mr. Botello Aguirre from custody and hold a pre-deprivation hearing is minimal compared to the harm that Mr. Botello Aguirre is suffering in detention. While the Government has an interest in securing Mr. Botello Aguirre's appearance at immigration proceedings, detention has been unnecessary to carry out that interest. Until an IJ administratively closed his case in 2014, Mr. Botello Aguirre appeared at all immigration

proceedings.  Doc. 3 at 9.  "Faced with a choice between minimally costly procedures and preventable human suffering," the "balance of hardships tips decidedly in [P]etitioner's favor." *Singh v. Andrews*, 2025 WL 1918679, at *7 (E.D. Cal.); *see also Domingo*, 2025 WL 2941217, at *4 (same).  The public interest also weighs in Mr. Botello Aguirre favor; it is "not in the public's interest to allow unexplained detention."  *Domingo*, 2025 WL 2941217, at *4.

### IV.    Conclusion

The proper remedy here is a TRO.  The Court notified the Government by email of the application for injunctive relief and the hearing date.  The Government therefore received notice of the motion.  *See* Fed. R. Civ. P. 64 (b) (1) ("[W]ritten or oral notice" suffices to provide notice of a TRO).  However, despite receiving notice, the Government did not appear at the hearing. Because the Government has not yet had a meaningful opportunity to be heard, a TRO—rather than a preliminary injunction—is the appropriate form of relief at this stage.

This TRO restores and preserves the status quo ante pending further proceedings.  IT IS THEREFORE ORDERED that:

1. Mr. Botello Aguirre's request for injunctive relief is GRANTED.  *See* Doc. 3.

2. The Government is ORDERED to release Mr. Botello Aguirre within 24 hours of this order.  Upon release, the Government may not subject Mr. Botello Aguirre to post-release monitoring or supervision not in place before his detention.

3. The Government is restrained from redetaining Mr. Botello Aguirre unless it demonstrates, by clear and convincing evidence at a pre-deprivation hearing before a neutral arbiter, that Mr. Botello Aguirre is a danger or flight risk.

4. The Government may file a response no later than ten (10) business days from the date of this Order, responding to the merits of the habeas petition. Mr. Botello Aguirre may file a reply within ten (10) days thereafter.

5. This order shall remain in effect for 28 days for good cause shown. *See* Fed. R. Civ. P. 65(b)(2).

6. Given the important constitutional rights at stake for Mr. Botello Aguirre, the Court finds that no bond is required. *See Winnebago Tribe of Nebraska v. Stovall*, 341 F.3d 1202, 1206 (10th Cir. 2003) (providing district courts with "wide discretion under Rule 65(c)" to determine "whether to require security").

IT IS SO ORDERED.

/s/ Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the court's PACER public access system.