IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EMMANUEL BOTELLO AGUIRRE,

    Petitioner,

v.                                                                                1:26-cv-00095-KG-KK

PAMELA BONDI, et al.,

    Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Emmanuel Botello Aguirre's Petition for a Writ of Habeas Corpus, Doc. 1. Following a hearing, the Court issued a Temporary Restraining Order ("TRO") directing the Government to release Mr. Botello Aguirre. *See* Doc. 5. On February 12, 2026, the Government filed notice that it released Mr. Botello Aguirre. Doc. 7 at 1. For the reasons below, the Court grants the petition.

### I.    *Background*

Mr. Botello Aguirre is a 42-year-old Mexican citizen who entered the United States in 2008 without inspection. Doc. 3 at 3. He resides in Orange County, Florida and is authorized to work in the United States. *See id.* at 3–4, 9. He has no criminal history. *Id.* at 3–4. He is married to a U.S. citizen and has six children, all of whom are U.S. citizens, ranging in age from six to sixteen. *See id.*

In 2013, the Department of Homeland Security ("DHS") placed Mr. Botello Aguirre in removal proceedings before the Orlando, Florida Immigration Court. *Id.* at 4. Mr. Botello Aguirre appeared at all his immigration proceedings and applied for Cancellation of Removal and Adjustment of Status under 8 U.S.C. § 1229b (b). *Id.* at 4, 9. In 2014, an Immigration Judge

1

("IJ") administratively closed his removal proceedings pending adjudication of his application for cancellation of removal. *See id.*

On August 13, 2025, ICE agents allegedly conducted an "unlawful traffic stop" of Mr. Botello Aguirre's vehicle in Orange County, Florida. *Id.* The presiding IJ declined to consider his bond motion, stating that it lacked jurisdiction to adjudication his bond request under 8 U.S.C. § (b)(2)(A). *Id.* Mr. Botello Aguirre is currently detained at the Torrance County Immigration Detention Center. *Id.* at 1.

Mr. Botello Aguirre contends that his continued detention violates the Immigration and Nationality Act ("INA") and the Fifth Amendment's Due Process Clause. *See id.* at 7–8. He therefore seeks a writ of habeas corpus requiring the Government to release him unless it provides a bond hearing. *See id.* at 10.

## II.   *Standard of Review*

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Zadvydas*, 533 U.S. at 687.

## III.   *Analysis*

For the reasons below, the Court finds that (A) 8 U.S.C. § 1226 governs Mr. Botello Aguirre's detention, and (B) Mr. Botello Aguirre's detention violates his right to due process.

### A.   *Section 1226 governs Mr. Botello Aguirre's detention.*

The Immigration and Nationality Act ("INA") establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States. *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018). Section 1225(b)(2)(A) applies to "applicant[s] for

admission" who are "seeking admission" and "not clearly and beyond a doubt entitled to be admitted." The "provision mandates detention and affords no bond hearing." *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *1 (D.N.M.) (Gonzales, J.). By contrast, § 1226(a) authorizes the arrest and detention, "on a warrant issued by the Attorney General," of noncitizens "pending a decision on whether [they are] to be removed." Noncitizens "detained under this second detention regime are entitled to individualized bond hearings at the outset of detention." *Pu Sacvin*, 2025 WL 3187432, at *1.

Consistent with the overwhelming majority of district courts to consider the issue and this Court's prior findings, the Court finds that § 1226 governs here. *See Barco Mercado v. Francis*, 2025 WL 3295903, at *13 (S.D.N.Y.) (collecting 362 district-court opinions nationwide and noting that challengers prevailed in at least 350 of them, in decisions by over 160 judges across fifty courts); *Pu Sacvin*, 2025 WL 3187432 (Gonzales, J.); *Danierov v. Noem*, 2026 WL 45288, at *2 (D.N.M.) (Gonzales, J.). Section 1225(a)(1) defines an "applicant for admission" as a noncitizen "who has not been admitted *or* who arrives in the United States." In contrast, § 1225(b)(2)(A)'s detention mandate applies only to noncitizens "*seeking* admission" (emphasis added). Noncitizens "seeking admission" are those who have not "effected an entry" into the United States. *DHS v. Thuraissigiam*, 591 U.S. 103, 140 (2020). Noncitizens "who entered the country years earlier" are not "seeking admission," and therefore fall under § 1226 rather than § 1225(b)(2)(A). *Pu Sacvin*, 2025 WL 3187432, at *3. The Court acknowledges the recent Fifth Circuit decision holding that "[w]hile [noncitizens] remain applicants" for admission, "they are...seeking admission." *Buenrostro-Mendez v. Bondi*, --- F.4th ----, 2026 WL 323330, at *5 (5th Cir.). However, the Tenth Circuit has not yet addressed this question.

Under this framework, § 1226 governs Mr. Botello Aguirre's detention.  ICE arrested him 18 years after his most recent entry into the United States and did not apprehend him at or near the border.  Doc. 1 at 3.  Accordingly, § 1225's mandatory detention provision does not apply because Mr. Botello Aguirre effected an entry into the United States by living here for nearly two decades.  *Pu Sacvin*, 2025 WL 3187432, at *3.

       **B.**       ***Mr. Botello Aguirre's detention violates his right to due process.***

Courts analyze due process claims in two steps: first, whether there exists "a protected liberty interest under the Due Process Clause," and second, whether the procedures used to deprive that interest "accord with the Constitution."  *Domingo v. Castro*, 2025 WL 2941217, at *3 (D.N.M.).

Here, Mr. Botello Aguirre has a protected liberty interest.  Once released from immigration detention, noncitizens acquire "a protectable liberty interest in remaining out of custody on bond."  *Danierov*, 2026 WL 45288, at *2.  Over the past 18 years, Mr. Botello Aguirre's freedom has allowed "him to do a wide range of things," including to live at home, work, and "be with family and friends and to form the other enduring attachments of normal life."  *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972).  Indeed, Mr. Botello Aguirre has resided in Florida, worked steadily, and has six U.S. citizen children.

Mr. Botello Aguirre was also entitled to procedural safeguards before he was detained.  In determining what process is due, courts consider (1) "the private interest" affected; (2) "the risk of erroneous deprivation" through the procedures used and the probable value of additional safeguards; and (3) "the Government's interest," including the fiscal and administrative burdens of additional procedures.  *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

To start, Mr. Botello Aguirre's private interest in remaining free from detention is substantial. "Freedom from imprisonment...lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

There is also a significant risk of erroneous deprivation. Although DHS may revoke release "at any time," courts require "a material change in circumstances as to whether the noncitizen poses a danger to the community or an unreasonable risk of flight" before revoking release. *Danierov*, 2026 WL 45288, at *2. Mr. Botello Aguirre was detained after residing in the United States for two decades without a bond hearing. Doc. 2 at 3. No assessment was made as to whether any material facts had changed, creating a substantial risk of erroneous deprivation of his liberty interest.

Finally, the Government's interest in detaining Mr. Botello Aguirre without a bond hearing is limited. Although the Government has a legitimate interest in ensuring his appearance at future immigration proceedings, the record demonstrates that detention has not been necessary to serve that interest. Since the initiation of removal proceedings in 2013, Mr. Botello Aguirre has complied with all imposed conditions. *See id.* at 4. He has consistently appeared for his immigration hearings and has pursued relief through an application for cancellation of removal. *Id.* Furthermore, the administrative burden of providing a bond hearing is minimal. *See Danierov*, 2026 WL 45288, at *2 (the "cost of providing a bond determination is not terribly burdensome").

### IV.    Conclusion

The Court therefore grants Mr. Botello Aguirre's petition, Doc. 1. The Government represents that it has already released Mr. Botello Aguirre. *See* Doc. 7 at 1. The Court therefore enjoins the Government from redetaining him unless and until it provides an individualized bond

hearing before an Immigration Judge under 8 U.S.C. § 1226(a).  Because the Court grants the

Petition and awards full relief, the request for a preliminary injunction, Doc. 1, is denied as moot.

    IT IS SO ORDERED

                            /s/Kenneth J. Gonzales_____
                            CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.